### IN THE UNITED STATES DISTRICT COURT
### FOR THE DISTRICT OF NEW MEXICO

DAVID ANTHONY GABALDON,

       Plaintiff,

v.                                   No. 16cv1049 RB/SCY

INCOME SUPPORT DIVISION,

       Defendant.

### MEMORANDUM OPINION AND ORDER
### GRANTING MOTION TO PROCEED *IN FORMA PAUPERIS* AND
### DISMISSING COMPLAINT

**THIS MATTER** comes before the Court on *pro se* Plaintiff's Application to Proceed in District Court Without Prepaying Fees or Costs, Doc. 2, filed September 21, 2016 ("Application"), and on his Civil Rights Complaint Pursuant to 42 U.S.C. § 1983, Doc. 1, filed September 21, 2016. For the reasons stated below, the Court will **GRANT** Plaintiff's Application and **DISMISS** Plaintiff's Complaint **without prejudice**.   Plaintiff shall have 21 days from entry of this Order to file an amended complaint.   Failure to timely file an amended complaint may result in dismissal of this case without prejudice.

**Application to Proceed *in forma pauperis***

The statute for proceedings *in forma pauperis*, 28 U.S.C. § 1915(a), provides that the Court may authorize the commencement of any suit without prepayment of fees by a person who submits an affidavit that includes a statement of all assets the person possesses and that the person is unable to pay such fees.

> When a district court receives an application for leave to proceed in forma pauperis, it should examine the papers and determine if the requirements of [28 U.S.C.] § 1915(a) are satisfied. If they are, leave should be granted. Thereafter, if the court finds that the allegations of poverty are untrue or that the action is frivolous or malicious, it may dismiss the case[.]

*Menefee v. Werholtz*, 368 Fed.Appx. 879, 884 (10th Cir. 2010) (citing *Ragan v. Cox*, 305 F.2d 58, 60 (10th Cir. 1962). "[A]n application to proceed *in forma pauperis* should be evaluated in light of the applicant's present financial status." *Scherer v. Kansas*, 263 Fed.Appx. 667, 669 (10th Cir. 2008) (citing *Holmes v. Hardy,* 852 F.2d 151, 153 (5th Cir.1988)). "The statute [allowing a litigant to proceed *in forma pauperis* ] was intended for the benefit of those too poor to pay or give security for costs...." *Adkins v. E.I. DuPont de Nemours & Co.,* 335 U.S. 331, 344 (1948). While a litigant need not be "absolutely destitute," "an affidavit is sufficient which states that one cannot because of his poverty pay or give security for the costs and still be able to provide himself and dependents with the necessities of life." *Id.* at 339.

The Court will grant Plaintiff's Application to Proceed in District Court Without Prepaying Fees or Costs. Plaintiff signed an affidavit declaring that he is unable to pay the costs of these proceedings and that the following information is true: (i) his monthly income is $0.00; (ii) he has no cash or assets; and (iii) he is unemployed. The Court finds that Plaintiff is unable to pay the filing fee because he has no monthly income and is unemployed.

**Dismissal of Proceedings *In Forma Pauperis***

The statute governing proceedings *in forma pauperis* requires federal courts to dismiss an *in forma pauperis* proceeding that "is frivolous or malicious; ... fails to state a claim on which relief may be granted; ... or seeks monetary relief against a defendant who is immune from such relief." *See* 28 U.S.C. § 1915(e)(2). "Dismissal of a *pro se* complaint for failure to state a claim is proper only where it is obvious that the plaintiff cannot prevail on the facts he has alleged and it would be futile to give him an opportunity to amend." *Kay v. Bemis*, 500 F.3d 1214, 1217 (10th Cir. 2007). "In determining whether a dismissal is proper, we must accept the allegations of the

complaint as true and construe those allegations, and any reasonable inferences that might be drawn from them, in the light most favorable to the plaintiff."   *Kay v. Bemis*, 500 F.3d at 1217. The Court looks to the specific allegations in the complaint to determine whether they plausibly support a legal claim for relief, i.e. the factual allegations must be enough to raise a right to relief above the speculative level.   *See id.* at 1218 (*quoting Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007)).   Dismissal of an *in forma pauperis* complaint as frivolous is not an abuse of discretion based on a determination that the *pro se* litigant did not state a viable legal claim and that the complaint consisted of little more than unintelligible ramblings.   *Triplett v. Triplett*, 166 Fed.Appx. 338, 339-340 (10th Cir. 2006).   However, "pro se litigants are to be given reasonable opportunity to remedy the defects in their pleadings."   *Hall v. Bellmon*, 935 F.2d 1106, 1110 n.3 (10th Cir. 1991).

Plaintiff brings this case pursuant to 42 U.S.C. § 1983.   "Section 1983 provides a federal civil remedy for the deprivation of any rights, privileges, or immunities secured by the Constitution by any person acting under color of state law."   *McCarty v. Gilchrist*, 646 F.3d 1281, 1285 (10th Cir. 2011).   The only allegations in the Complaint are:   "That is not right to give all money to ISD, HUD.   That what contract said I crossed it out and signed it," and "How can State take my money when I need help."   Complaint at 2-3.   The Court will dismiss the Complaint for failure to state a claim because Plaintiff makes no allegations that he was deprived of any rights, privileges, or immunities secured by the United States Constitution or federal law.

Furthermore, it appears that the Court does not have jurisdiction over this matter.   As the party seeking to invoke the jurisdiction of this Court, Plaintiff bears the burden of alleging facts that support jurisdiction.   *See Dutcher v. Matheson*, 733 F.3d 980, 985 (10th Cir. 2013) ("Since

federal courts are courts of limited jurisdiction, we presume no jurisdiction exists absent an adequate showing by the party invoking federal jurisdiction").   Plaintiff does not include a short and plain statement of the grounds for the court's jurisdiction as required by Fed. R. Civ. P. 8(a)(1).   It does not appear that the Court has federal question jurisdiction because there are no allegations that this action arises under the Constitution, laws, or treaties of the United States.  *See* 28 U.S.C. § 1331.   Although Plaintiff initiated this action using the form "Civil Rights Complaint Pursuant to 42 U.S.C. § 1983," which states "Jurisdiction is invoked pursuant to 28 U.S.C. § 1343(3) and 42 U.S.C. § 1983," Plaintiff makes no allegations that he was deprived, under color of state law, of any right, privilege or immunity secured by the Constitution or laws of the United States.   The Court also does not have diversity jurisdiction over Plaintiff's claims because the Complaint indicates that both Plaintiff and Defendant are citizens of New Mexico. *See* Complaint at 1;  *Dutcher v. Matheson*, 733 F.3d 980, 987 (10th Cir. 2013) (in order to invoke diversity jurisdiction, "a party must show that complete diversity of citizenship exists between the adverse parties and that the amount in controversy exceeds $75,000 . . . Complete diversity is lacking when any of the plaintiffs has the same residency as even a single defendant").

Finally, it appears that Defendant Income Support Division is a division of the New Mexico Human Services Department and, as an arm of the State of New Mexico, is immune from suit pursuant to 42 U.S.C. § 1983.   "With certain limited exceptions, the Eleventh Amendment prohibits a citizen from filing suit against a state in federal court."  *Ruiz v. McDonnell*, 299 F.3d 1173, 1180 (10th Cir. 2002).     There are "two primary circumstances in which a citizen may sue a state without offending Eleventh Amendment immunity. Congress may abrogate a state's Eleventh Amendment immunity . . . [or a] state may . . . waive its Eleventh Amendment immunity and

consent to be sued." *Id.* at 1181.   Neither exception applies in this case.   "First, the United States Supreme Court has previously held that Congress did not abrogate states' Eleventh Amendment immunity when it enacted 42 U.S.C. § 1983."   *Id.* (*citing Quern v. Jordan,* 440 U.S. 332, 345 (1979)). Second, Plaintiff does not allege in his complaint that the State of New Mexico waived its Eleventh Amendment immunity in this case. "It is well established that arms of the state, or state officials acting in their official capacities, are not 'persons' within the meaning of § 1983 and therefore are immune from § 1983 damages suits." *Hull v. State of New Mexico Taxation and Revenue Department's Motor Vehicle Division*, 179 Fed.Appx. 445, 446 (10th Cir. 2006).

The Court will dismiss Plaintiff's Complaint without prejudice because Plaintiff fails to state a claim and has not met his burden of alleging facts that support jurisdiction.   *See* Fed. R. Civ. P. 12(h)(3) ("If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action"); *Brereton v. Bountiful City Corp.,* 434 F.3d 1213, 1218 (10th Cir.2006) ("[D]ismissals for lack of jurisdiction should be without prejudice because the court, having determined that it lacks jurisdiction over the action, is *incapable* of reaching a disposition on the merits of the underlying claims.").

The Court will dismiss the Complaint for failure to state a claim and for lack of jurisdiction.   Plaintiff shall have 21 days from entry of this Order to file an amended complaint. *See Hall v. Bellmon*, 935 F.2d 1106, 1110 n.3 (10th Cir. 1991) ("pro se litigants are to be given reasonable opportunity to remedy the defects in their pleadings").   Failure to timely file an amended complaint may result in dismissal of this case without prejudice.

**Service on Defendants**

Section 1915 provides that the "officers of the court shall issue and serve all process, and perform all duties in [proceedings *in forma pauperis*]").   28 U.S.C. § 1915(d).   Rule 4 provides that:

> At the plaintiff's request, the court may order that service be made by a United States marshal or deputy marshal or by a person specially appointed by the court. The court must so order if the plaintiff is authorized to proceed in forma pauperis under 28 U.S.C. § 1915 or as a seaman under 28 U.S.C. § 1916.

Fed. R. Civ. P. 4(c)(3).

The Court will not order service of Summons and Complaint on Defendant at this time. The Court will order service if Plaintiff timely files an amended complaint which states a claim, and which includes the address of every defendant named in the amended complaint.

**IT IS ORDERED** that Plaintiff's Application to Proceed in District Court Without Prepaying Fees or Costs, Doc. 2, filed September 21, 2016, is **GRANTED.**

**IT IS ALSO ORDERED** that Plaintiff's Civil Rights Complaint Pursuant to 42 U.S.C. § 1983, Doc. 1, filed September 21, 2016, is **DISMISSED without prejudice.** Plaintiff may file an amended complaint within 21 days of entry of this Order.

_____
**UNITED STATES DISTRICT JUDGE**